WATSON, Justice,
dissenting.
The defendant was convicted of resisting an officer in violation of LSA-R.S. 14:108.
State Trooper Damon Williams undertook to arrest the defendant, who argued that he was not guilty, when one Stroughter, apparently defendant’s cousin, interjected himself into the discussion and even attempted to physically attack the trooper. The record suggests strongly that Stroughter was probably guilty of resisting an officer, but Singleton was convicted for what Stroughter did.
The only evidence in the record concerning Singleton’s guilt of the resisting offense is as follows:
“LEROY SMITH: What did — excuse me, Your Honor. What did Mr. Singleton do? What action did he take?
“DAMON WILLIAMS: No action except back up.
“LEROY SMITH: How far did he back up?
“DAMON WILLIAMS: No more than a step or two.
“LEROY SMITH: And he — and that was the resisting?
“DAMON WILLIAMS: Yes is was.”
The majority states that Singleton placed Stroughter between himself and the officer in an apparent attempt to avoid arrest, but Trooper Williams clarified the situation in the following testimony:
“LEROY SMITH: But he would have come past Mr. Stroughter or through Mr. Stroughter to get to you. Isn’t that correct?
“DAMON WILLIAMS: He had to walk by him, but it wasn’t like he was just standing right between us. He was standing to — like I was facing Singleton and Stroughter was standing to my left. “LEROY SMITH: Okay. And how much distance between you?
“DAMON WILLIAMS: It was uh, three or four feet. It was enough that when— okay, I have to bring up Mr. Stroughter again. It was enough that when Mr. Stroughter came after me, I was able to step back to keep from being attacked and had enough time for three people to grab him.”
The evidence simply does not prove beyond a reasonable doubt that defendant Singleton was guilty of resisting an officer.
His conviction and sentence should be reversed. I respectfully dissent.